United States District Court
for the
Southern District of Florida

| Diane McBride, | ) |
|---|---|
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 18-25072-Civ-Scola |
| CMI Arkansas Claims Management | ) |
| Inc. and Wal-Mart Store # 3397, | ) |
| Defendants. | ) |

### Order Granting Motions to Dismiss and to Strike

This matter is before the Court upon Defendants Arkansas Claims Management, Inc. ("CMI") and Walmart Stores East, L.P.'s ("Walmart") motions to dismiss Plaintiff Diane McBride's Amended Complaint (ECF No. 5) and to strike her claim for punitive damages. (Motions, ECF Nos. 13, 14.) Upon review of the parties' briefs, the record, and the relevant legal authorities, the Court **grants** CMI and Walmart's motions (**ECF Nos. 13, 14**).

### I. Background

This case is before the Court upon a transfer from the United States District Court for the Northern District of Florida based on the district court's finding that McBride filed suit in the wrong venue. (Order, ECF No. 8; Report, ECF No. 6.)

McBride, proceeding pro se, filed the Amended Complaint (ECF No. 5) on October 25, 2018 pursuant to the district court's order to do so (ECF No. 4). In the Amended Complaint, McBride asserts a claim under 42 U.S.C. § 1983 against "CMI Arkansas Claims Mgmt. Inc." and "Wal-Mart Store # 3397,"[1] arising from injuries she suffered at a Walmart store in Miami, Florida on September 19, 2014. (Am. Compl., ECF No. 5.) She claims a Walmart employee struck her with a shopping cart and she sustained injuries as a result. (*Id.* at 4–5.)

CMI and Walmart now move to dismiss the Amended Complaint and to strike McBride's claim for punitive damages. Although the Defendants fail to provide the Court with much legal analysis, the Defendants submit essentially identical arguments. Both of the Defendants argue that the Amended

---

[1] Walmart's motion states that McBride incorrectly named "Walmart Store # 3397" rather than "Walmart Stores East, L.P." as a defendant in this matter. (Mot., ECF No. 14 at 1.) Despite this, Walmart has effectively appeared in this case and filed a motion to dismiss.

Complaint should be dismissed because McBride failed to state a claim under § 1983 and that McBride's punitive damages claim should be stricken because she failed to allege facts sufficient to support such a claim. CMI also argues that the Court lacks personal jurisdiction. McBride failed to respond to the Defendants' motions and the time to do so has long passed.

## II. Legal Standards

### A. Motions to Dismiss

A district court considering a motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6) must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (internal punctuation omitted). A district court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation marks and citations omitted). The Court must take as true the pro se litigant's allegations. *Id.* at 99.

Federal Rule of Civil Procedure 12(b)(2) governs motions to dismiss for lack of personal jurisdiction. A district court must apply a two-part analysis to determine whether it has personal jurisdiction over a non-resident defendant. *Sculptchair, Inc. v. Century Arts Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996). First, a district court must determine whether the applicable state's long-arm statute provides a basis for personal jurisdiction. *Id.* If so, then the district court turns to whether sufficient minimum contacts exist between the defendant and the forum state "so as to satisfy traditional notions of fair play and substantial justice under the Due Process Clause of the Fourteenth Amendment." *Id.* (internal quotation marks and citations omitted).

### B. Motions to Strike

Under Federal Rule of Civil Procedure 12(f), a district court may strike from a pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *See* Fed. R. Civ. P. 12(f). "Parties employ motions to strike to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Ottesen v. St. Johns River Water Mgmt. Dist.*, No. 6:14-CV-1320-ORL-31, 2015 WL 2095473, at *1 (M.D. Fla. May 5, 2015) (internal quotation marks and citations omitted). Nevertheless, striking a pleading or a portion thereof is "a drastic remedy generally disfavored by the courts, and will ordinarily be denied unless the material sought to be stricken is insufficient as a matter of law." *Id.* (internal quotation marks and citations omitted).

### III. Analysis

"Section 1983 provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws by any person acting under color of any statute, ordinance, regulation, custom, or usage, or any State or Territory." *Gomez v. Toledo*, 446 U.S. 635, 638 (1980) (internal quotation marks and citations omitted). To state a cause of action under section 1983, a plaintiff must allege that (1) the defendant deprived her of a federal right and (2) that the defendant deprived her of that right under the color of state or territorial law. *Id.* at 640.

McBride's Amended Complaint, even viewed with a liberal eye, does not state a claim under § 1983. McBride fails to allege that the Defendants deprived her of a federal right or that the Defendants acted under color of state law. Moreover, the event and harms McBride describes do not give rise to a § 1983 claim. "Despite the leniency accorded [to] *pro se* litigants, . . . courts may not serve as de facto counsel or rewrite deficient pleadings in order to sustain an action." *Jones v. Robinson*, 655 F. App'x 776, 778 (11th Cir. 2016). Accordingly, the Court finds that McBride's Amended Complaint should be dismissed.

The Court need not address the Defendants' other arguments given the Court's determination that the Amended Complaint should be dismissed because McBride failed to state a claim. Moreover, McBride's failure to timely respond to the Defendants' motions serves as its own basis for granting the Defendants' motions by default. *See* S.D. Fla. L.R. 7.1(c) (recognizing that failure to respond to a motion "may be deemed sufficient cause for granting the motion by default").

### IV. Conclusion

Accordingly, the Court **grants** CMI and Walmart's motions to dismiss (**ECF No. 13, 14**). The Court **dismisses without prejudice** McBride's amended complaint (**ECF No. 5**) and grants McBride leave to amend to the extent she can raise an actionable claim against the Defendants. McBride must file an amended complaint on or before **February 18, 2019**. If McBride fails to do so, the Court may dismiss and close this case.

**Done and ordered** in chambers, at Miami, Florida, on January 28, 2019.

Robert N. Scola, Jr.
United States District Judge