United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Diane McBride, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 18-25072-Civ-Scola |
| CMI Arkansas Claims Management, | ) |
| Inc. and Wal-Mart Stores East, L.P., | ) |
| Defendants. | ) |

**Order Granting CMI's Motion to Dismiss**

Plaintiff Diane McBride, proceeding pro se, has filed suit seeking damages for injuries resulting from a shopping cart accident at a Wal-Mart store. This suit is brought against Defendants CMI Arkansas Claims Management, Inc. ("CMI") and Wal-Mart Stores East, L.P. Defendant CMI now moves to dismiss McBride's amended complaint. (Def.'s Mot., ECF No. 19.) After careful analysis, the Court agrees with CMI and finds McBride's case against CMI should be dismissed. The Court therefore **grants** CMI's motion. (**ECF No. 19.**)

1. **Background**

In the early evening of September 19, 2014, McBride was a customer of Wal-Mart Store #3397. (Compl. at ¶ 1, ECF No. 16.) According to McBride, as she was exiting an aisle, returning to her shopping cart, she was hit by a shopping cart being pushed by a Wal-Mart employee. (*Id.* at ¶ 2.) McBride submits that the employee was not handling the shopping cart with due care and there is nothing she could have done to avoid the incident. (*Id.*) As a result, McBride sustained a multitude of injuries. (*Id.* at ¶ 3–5.)

2. **Legal Standard**

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Pleadings by pro se plaintiffs are held to less stringent standards than those drafted by attorneys; all pleadings are construed to do substantial justice. *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A court must

dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Id.*

While the court's review in considering a 12(b)(6) motion is ordinarily "limited to the four corners of the complaint," *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009), a court may nonetheless consider documents that the complaint incorporates by reference as well as matters that may be judicially noticed, *Tellabs, Inc. V. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A court may take judicial notice of "facts that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Sherleigh Assocs., LLC v. Windmere-Durable Holdings, Inc.*, 178 F. Supp. 2d 1255, 1268 (S.D. Fla. 2000) (Lenard, J.).

3. **Analysis**

McBride's amended complaint fails to set fourth allegations that, even if taken as true, support a negligence claim against CMI. To properly state a negligence claim, a plaintiff must allege: (1) a duty of the defendant to protect others against an unreasonable risk; (2) the defendant's breach of that duty; (3) the defendant's breach legally caused the plaintiff's injuries; and (4) the plaintiff sustained damages. *Williams v. Davis*, 974 So.2d 1052, 1056 (Fla. 2007). To survive a motion to dismiss, a plaintiff must sufficiently plead facts that would support each element of negligence. *Harris v. Lewis State Bank*, 482 So.2d 1378, 1384 (Fla. 1st DCA 1986). A complaint survives a motion to dismiss if "facts are alleged showing the relation between the parties, the act or omission causing the injury, and that the act was negligently done or omitted." *Id.*

McBride has not alleged facts that support a negligence claim against CMI. While McBride avers information regarding her injuries, she fails to provide any information connecting CMI to the incident. (ECF No. 16 at 3-5.) CMI is not the owner or operator of the Wal-Mart store nor was CMI involved in the accident. McBride makes no allegations regarding the duty CMI owed to McBride or how CMI failed to carry out that duty. (ECF No. 19 at 3.) In fact, the only information McBride provides about CMI is the history of a claim she submitted to CMI in September 2018. (ECF No. 27 at 3.) However, that information does not provide additional insight as to why CMI owed a duty of care to McBride for the allegedly negligent handling of a shopping cart by a Wal-Mart employee.

4. **Conclusion**

Accordingly, the Court **grants** CMI's motion to dismiss (**ECF No. 19**). Because this Court already dismissed McBride's complaint and granted leave to

amend (ECF No. 15), making this McBride's Second Amended Complaint, the Court dismisses McBride's claims against CMI **with prejudice**.

**Done and ordered** at Miami, Florida, on June 18, 2019.

_____
Robert N. Scola, Jr.
United States District Judge