United States District Court
for the
Southern District of Florida

| Diane McBride, Plaintiff, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 18-25072-Civ-Scola |
| | ) | |
| Wal-Mart Stores East, L.P., | ) | |
| Defendant. | ) | |

## Omnibus Order

This matter is before the Court upon pro se Plaintiff Diane McBride's motions requesting that the Court change the designated mediator and extend the deadline for mediation and her motion to waive mediation fees (ECF Nos. 79, 82.) On March 3, 2020, the Court granted the Plaintiff's motion requesting that the Clerk appoint a mediator (Order, ECF No. 68), and later that same day the Clerk notified the parties that Jeffrey Grubman was designated to serve as the mediator in this case (Clerk's Notice of Mediator Designation, ECF No. 70 ("Notice").) The Notice stated that, in accordance with Administrative Order 2018-34, the mediator shall be compensated at a rate of $350 per hour. (ECF No. 70.) Approximately three weeks later, they each filed now-granted motions for leave to appear telephonically at the upcoming mediation. (*See* ECF Nos. 76-77.) However, nearly one month after Mr. Grubman's designation, the Plaintiff filed a motion to change the mediator and to be relieved of his fees. For the reasons discussed below, the Court **denies** the Plaintiff's motion to change the mediator and extend the mediation deadline (**ECF No. 79**) and **grants** the Plaintiff's motion to waive mediation fees (**ECF No. 82**).

### I. The Motion to Waive Mediation Fees

The Court first addresses the Plaintiff's "Motion Requesting the Judge Ruling on the Defendant's Attorneys Non-Compliance to the Mediation Order Written" (ECF No. 82), which the Court construes as a motion to waive mediation fees. The first six of seven paragraphs in the motion suggest that the Defendant has acted in bad faith by failing to return the Plaintiff's telephone calls regarding the scheduling of the upcoming mediation. The Defendant's response in opposition to the motion details, with exhibits, just the opposite. (ECF Nos. 83-84.) For example, the response avers that the Defendant has tried calling the Plaintiff at least nine times to coordinate the mediation, but to no avail. (ECF No. 83 at 3.) Documents filed in support of the response include nearly 30 pages of correspondence with Mr. Grubman's case manager

demonstrating that his office has also tried to communicate with the Plaintiff, but, again, to no avail. (*See, e.g.,* ECF No. 84 at 5-6.) It appears that in the face of the Defendant's second motion for sanctions in connection with the Plaintiff's failure to comply with Court orders (ECF No. 72), the Plaintiff is once again failing to cooperate in the prosecution of her own case.

The Court would deny the motion but for the last paragraph, which states that the Plaintiff, who is proceeding in forma pauperis, "cannot afford" to pay the mediator's fee. (ECF No. 82 at 4.) The Court has already determined that the Plaintiff is indigent in its Order Granting the Plaintiff's Motion to Proceed In Forma Pauperis. (ECF No. 4.) And thus, the Court agrees that the Plaintiff cannot afford to pay the mediation fee. The Plaintiff states that Mr. Grubman has an eight-hour minimum for mediations, which, multiplied by his $350 hourly rate would total $2,800 and result in an invoice to the Plaintiff for $1,400. (ECF No. 82 at 4.) Notwithstanding that the Plaintiff has caused undue complications in connection with mediation in this matter, the Court cannot and will not fault her for failing to participate in a mediation that she cannot afford. For that reason, the Court construes the motion as a motion to waive mediation fees and the Court grants that motion. The Defendant did not address this issue in its response to the motion.

The attorneys who are certified to be mediators in this district have agreed "to accept at least two (2) mediation assignments per year in cases where at least one (1) party lacks the ability to compensate the mediator, in which case the mediator's fees shall be reduced accordingly or the mediator shall serve pro bono (if no litigant is able to contribute compensation)." S.D. Fla. L.R. 16.2(b)(3). Therefore, the Court directs Mr. Grubman to serve as the pro bono mediator in this action unless he has already accepted two mediation assignments where at least one party lacks the ability to compensate the mediator. The Court directs the parties to proceed as follows: first, the parties shall notify the Court by no later than **12:00 p.m. on April 13, 2020** whether Mr. Grubman will serve as a pro bono mediator by April 17, 2020.

Next, if Mr. Grubman can mediate this case, then the parties shall file a Proposed Order Scheduling Mediation setting forth the date and time of the mediation, consistent with the with the Order of Referral to Mediation (ECF No. 40 at 6-8) by no later than **April 13, 2020**. Due to the dangers of meeting face-to-face posed by the coronavirus pandemic, the parties must arrange for the mediation to occur via videoconference, and the Plaintiff must arrange to use a phone or computer that can be used to join the videoconference. The deadline to complete mediation remains **April 17, 2020** and the mediation report is due within seven days following the mediation conference. If the mediator fails to file a mediation report within seven days following the mediation conference,

the Defendant must file a mediation report within 14 days after the mediation conference. If Mr. Grubman has already fulfilled the pro bono requirement and does not agree to mediate this case, then the Court will instruct the Clerk to designate a new mediator from the List of Certified Mediators who will serve with the understanding that the Plaintiff cannot compensate him or her for any charges and such mediator shall conduct the mediation on or before May 15, 2020. In light of the delays that have arisen from the Plaintiff's use of physical mail for purposes of notices and filings, the Court designates the Defendant's counsel as *lead counsel* for purposes of ascertaining the mediator's willingness to proceed and notifying the Court of same by the aforementioned date and time.

## II. The Motion to Change Mediator and Extend Mediation Deadline

On March 24, 2020, the Plaintiff filed a separate motion to replace Mr. Grubman as mediator. (ECF No. 79.) It is not entirely clear what the basis was for the filing of this motion. However, to the extent the Plaintiff took issue with Mr. Grubman's limited availability, that concern was rendered moot when, according to the Plaintiff, Mr. Grubman's assistant called the Plaintiff on March 27, 2020 to offer an additional seven available dates for mediation in time for the April 17, 2020 deadline to mediate. (ECF No. 82 at 3.) Conspicuously absent from the Plaintiff's motion are any dates that she has offered to make herself available for mediation in this matter. The Court declines to grant the Plaintiff a de facto extension as a result of her decision not to timely apprise the parties or Mr. Grubman of her availability. Moreover, the Plaintiff has been on notice of the deadline to complete mediation since August 2019. (Scheduling Order, ECF No. 40.) The Plaintiff is expected to participate in the timely mediation of her own case and her failure to do so may result in sanctions, including dismissal of this action with prejudice.

## III. Conclusion

Accordingly, the Court **denies** the Plaintiff's motion to change the mediator and extend the mediation deadline (**ECF No. 79**) and **grants** the Plaintiff's motion to waive mediation fees (**ECF No. 82**). The parties are **ordered** to notify the Court of Mr. Grubman's availability for mediation as described above by no later than **12:00 p.m. on April 13, 2020** and to file a proposed order scheduling mediation by **April 13, 2020**.

The Court directs the Clerk to **mail a copy of this Order** to the Plaintiff at the address listed below and to **e-mail a copy of this Order** to Mr. Jeffrey Grubman at the e-mail address below.

**Done and ordered**, at Miami, Florida, on April 9, 2020.

_____
Robert N. Scola, Jr.
United States District Judge

Copy, via U.S. Mail, to:
Diane McBride
P.O. Box 213
Midway, FL 32343

Copy, via electronic mail, to:
Jeffrey Grubman
JAMS, The Resolution Experts
2500 N. Military Trail
Suite 200
Boca Raton, FL 33431
Telephone: 561-393-9733
Facsimile: 561-393-9707
Email: jgrubman@jamsadr.com