United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Diane McBride, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 18-25072-Civ-Scola |
| Wal-Mart Stores East, L.P., | ) |
| Defendant. | ) |

**<u>Order to Show Cause Why This Case Should Not Be Dismissed
for Lack of Subject Matter Jurisdiction</u>**

  This matter is before the Court upon an independent review of the record. "As federal courts, we are courts of limited jurisdiction, deriving our power solely from Article III of the Constitution and from the legislative acts of Congress," and "we are bound to assure ourselves of jurisdiction even if the parties fail to raise the issue." *Harris v. United States*, 149 F.3d 1304, 1308 (11th Cir. 1998). In addition, "a jurisdictional defect cannot be waived by the parties and may be raised at any point during litigation." *Allen v. Toyota Motor Sales, U.S.A., Inc.*, 155 F. App'x 480, 481 (11th Cir. 2005). Plaintiff Diane McBride sued Defendant Wal-Mart Stores East, L.P., in federal court on the basis of diversity jurisdiction. (Compl., ECF No. 16 at 1.) For the reasons stated below, it is unclear whether the Court has subject matter jurisdiction.

  District courts "ha[ve] diversity jurisdiction when the parties are citizens of different states and the amount in controversy exceeds $75,000." *Shanyfelt v. Wachovia Mortg. FSB*, 439 F. App'x 793, 793 (11th Cir. 2011) (citing 28 U.S.C. § 1332(a)). "The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim." *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). According to the complaint, the Plaintiff is a citizen of Florida, while Defendant Wal-Mart Stores East, L.P. "is a citizen of Lexington, Kentucky and Bentonville, Arkansas." (ECF No. 16 at 1.) Wal-Mart Stores East, L.P., is, apparently, a limited partnership.

  "To sufficiently allege the citizenships of . . . unincorporated business entities, a party must list the citizenships of all the . . . partners of the limited partnership." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). The complaint does not identify any of the partners of the limited partnership, much less list each partner's citizenship. Consequently, the Plaintiff "has not established whether complete diversity exists, and the [complaint] fails to satisfy the prerequisites of subject matter jurisdiction. *Atl. Hosp. of Fla. LLC v. Gen. Star Indem. Co.*, No. 09-23661, 2010

WL 2639637, at *1 (S.D. Fla. June 29, 2010) (Cooke, J.) (remanding action to state court).

Accordingly, it is hereby **ordered** that by **May 7, 2020**, the Plaintiff shall show cause why this matter should not be dismissed for lack of subject matter jurisdiction.

**Done and ordered**, at Miami, Florida, on April 27, 2020.

Robert N. Scola, Jr.
United States District Judge

*Copy via U.S. mail to*:

**Diane McBride**
P.O. Box 213
Midway, FL 32343