UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-25072-Civ-SCOLA/TORRES

DIANE MCBRIDE,

    Plaintiff,

v.

WALMART STORES EAST, L.P.,
WSE MANAGEMENT, LLC, and
WSE INVESTMENT, LLC,

    Defendants.
_____/

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR SANCTIONS

This matter is before the Court on Walmart Stores East, L.P.'s ("Walmart" or "Defendant") second motion for sanctions against Diane McBride ("McBride" or "Plaintiff"). [D.E. 72]. The sanction is based on McBride's failure to comply with the Court's order dated February 4, 2020 – which ordered McBride to appear for a deposition by February 18, 2020 – and her failure to respond to Walmart's requests to engage in the discovery process. McBride's response to the motion was filed on March 31, 2020 to which Walmart did not reply and the time to do so has passed.[1]

---

[1] McBride's motion was deposited in the mail on March 28, 2020, and then the clerk of the court filed it for her on March 31, 2020. McBride alleges that she originally mailed her response to the court on March 1, 2020, but the post office sent it back to her. We note that her motions are handwritten, mailed to the court, and then entered on the docket by the clerk of the court.

1

[D.E. 81]. Therefore, Walmart's motion is now ripe for disposition. Based on a review of the motion, relevant legal authorities, and the underlying record in this case, Walmart's motion for sanctions should be **GRANTED in part** and **DENIED in part**.[2]

## I. BACKGROUND

On September 19, 2014, McBride alleges that she was "struck a (sic) injured with shopping cart being pushed by a Walmart employee" while she was shopping at a Walmart store in Miami, Florida. [D.E. 16]. On February 19, 2019, McBride, proceeding *pro se*, filed an amended complaint against Walmart seeking $85,000 in damages for Walmart's alleged negligence.[3] *Id.* On August 5, 2019, the Court entered a Scheduling Order, which established a fact discovery deadline of March 1, 2020. [D.E. 40].

In advance of that deadline, and after McBride did not respond to two letters from Walmart requesting to discuss the case, Walmart notified McBride that it was going to depose her on October 16, 2019 at a live deposition. [D.E. 42, 72, Ex. A, B]. On October 10, 2019, McBride filed a "motion for opposition and objection to the Defendant's attorneys request for invasion of plaintiff's privacy without consent," but

---

[2] On March 10, 2020, the Honorable Robert N. Scola, Jr. referred the motion to the undersigned Magistrate Judge for disposition. [D.E. 74].

[3] On May 14, 2020, McBride filed a second amended complaint to solely add Defendants WSE Investment, LLC and WSE Management, LLC, which together own Walmart in a limited partnership. [D.E. 94].

the Court denied such motion on October 15, 2019 because we could not discern what relief McBride was seeking. [D.E. 43, 46]. On October 16, 2019, McBride filed an "opposition and objection to taking a live deposition with video without my consent" instead of appearing at the deposition. [D.E. 47].

On November 13, 2019, Walmart moved for sanctions for McBride's failure to attend her deposition and to respond to discovery requests. [D.E. 50]. The next day, Walmart moved to compel McBride to respond to its interrogatories. [D.E. 53]. On November 26, 2019, McBride responded to the motion to compel by affirming that she already mailed Walmart her answers to its interrogatories to which Walmart never replied, and to date, has never denied receiving. [D.E. 54.].

On February 4, 2020, the Court denied McBride's protective order and ordered McBride to appear for a deposition within fourteen days by mutual coordination of the parties. [D.E. 58]. In the same order, we denied Walmart's motion for sanctions without prejudice and denied its motion to compel McBride to respond to the interrogatories as moot. *Id*. Walmart then rescheduled McBride's deposition for February 27, 2020 and mailed McBride notice. Walmart's motion does not divulge when the notice was mailed or if Walmart tried to contact her by phone or email before mailing the notice. On February 28, 2020, two days before the discovery cutoff deadline, McBride failed to appear for her rescheduled deposition. [D.E. 67].

On March 6, 2020, Walmart filed this motion seeking to dismiss the case, strike McBride's pleadings, and/or be reimbursed for fees and costs for McBride's failure to

3

appear for the two scheduled depositions. [D.E. 72]. In response, which was mailed to the clerk of the court twenty-four days after Walmart filed this motion, McBride asserts that she did not receive Walmart's notice regarding the rescheduled deposition until March 1, 2020.[4] [D.E. 81].

## *II. LEGAL STANDARD*

A district court has broad authority under Rule 37 to control discovery. Federal Rule of Civil Procedure 37(b) authorizes a court to impose such sanctions "as are just" against a party that violates an order compelling discovery. Fed. R. Civ. P. 37(b)(2). The Rule includes a list of possible sanctions:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

In addition, Rule 37(d)(1) provides that the "court where the action is pending may, on motion, order sanctions if: (i) a party . . . fails, after being served with proper notice, to appear for . . . deposition." Fed. R. Civ. P. 37(d)(1)(A). Sanctions for failure

---

[4] The Court notes that March 1, 2020 was a Sunday.

4

to appear at a duly noticed deposition "may include any of the orders listed in Rule 37(b)(2)(A)(i)—(vi)." Fed. R. Civ. P. 37(d)(3). "Instead of or in addition to [such a sanction], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C); *see also* Fed. R. Civ. P. 37(d)(3).

"Rule 37 sanctions are imposed not only to prevent unfair prejudice to the litigants but also to insure the integrity of the discovery process." *Aztec Steel Co. v. Fla. Steel Corp.*, 691 F.2d 480, 482 (11th Cir. 1982). A district court has substantial discretion in deciding whether and how to impose sanctions under Rule 37. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997). However, the sanction of dismissal is most appropriately used as a last resort. *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993).

Such a remedy is available "only if noncompliance is due to willful or bad faith disregard of court orders" and the court finds lesser sanctions would not suffice. *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985) (internal citations omitted). Violations of a court order "caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment." *Malautea,* 987 F.2d at 1542. And even though "Rule 37, on its face, does not require that a court formally issue an order compelling discovery before

5

sanctions are authorized," the Eleventh Circuit has warned that "sanctions as draconian as [entry of a default judgment] for discovery violations under Rule 37 must be preceded by an order of the court compelling discovery, the violation of which might authorize such sanctions." *United States v. Certain Real Prop. Located at Route 1,* 126 F.3d 1314, 1317-18 (11th Cir. 1997). "A party's *pro se* status or indigency does not excuse willful noncompliance or preclude dismissal as a sanction." *Alfaro v. Anheuser-Busch, LLC*, 2017 WL 1683185, at *13 (M.D. Fla. Feb. 24, 2017) (citing *Watts v. Ford Motor Co.*, 648 F. App'x 970, 973 (11th Cir. 2016)).

Where, as here, a party seeks to enforce Rule 37's sanctions, "[t]he burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009) (quotation omitted). In addressing this issue, reviewing courts consider the nondisclosing party's explanation for the failure, the importance of the information, and whether the opposing party is prejudiced by the discovery violation. *See Lips v. City of Hollywood*, 350 F. App'x 328, 340 (11th Cir. 2009) (citing *Romero v. Drummond Co.*, 552 F.3d 1303, 1321 (11th Cir. 2008)).

### *III. ANALYSIS*

We first turn to the instructions set forth in our February 4, 2020 order regarding the timing of McBride's deposition. That order required that McBride appear for a deposition by February 18, 2020 and that it was to be scheduled by the mutual coordination of the parties. So, we find it irrelevant that McBride allegedly

6

did not receive Walmart's notice in time to appear for her deposition scheduled for February 27, 2020 because McBride had an equal responsibility to schedule and appear for a deposition by February 18, 2020.

Blaming Walmart for its delay or lack of notice does not relieve McBride of her own duty to comply with a court order. And McBride fails to make any argument that she was not aware of the Court's order.[5] A logical argument McBride could have proffered would be to assert that she attempted in good faith to schedule and appear for her deposition before February 18, 2020, and it was Walmart that caused the delay. But she has made no such argument. Moreover, as the disobedient party, McBride has the burden to explain how her discovery violation did not prejudice Walmart, but she fails to make any attempt at an explanation. *See Lips*, 350 F. App'x at 340. Regardless, McBride's response to Walmart's motion for sanctions was untimely filed with the Court, so she has waived any defense.

We thus find that McBride violated the Court's order to appear for her deposition. Having found that McBride's violation warrants some level of sanctions, the Court must determine which sanctions are appropriate under the circumstances. Because we are well past the fact discovery cutoff deadline, recommending that McBride be ordered to reschedule her deposition a third time would be prejudicial to

---

5   The Court notes that in a motion filed by McBride related to her opposing mediation, McBride appears to have been aware of the February 4, 2020 order because she called the clerk of the court on February 18, 2020 to discuss recent docket entries. [D.E. 66].

Walmart with trial scheduled for less than two months away. However, we do not find the "last resort" sanction of default judgment to be appropriate here.

McBride has only violated one court order, and the order did not warn that non-compliance could result in default judgment. *See Certain Real Prop. Located at Route 1,* 126 F.3d at 1317-18 (finding that default judgment is appropriate when a court order states that a violation of such might result in default judgment); *Malautea,* 987 F.2d at 1542-43 (finding that a default judgment was proper when the non-complying party violated three orders to comply and was warned twice that non-compliance would result in default judgment). Further, Walmart has not alleged facts that McBride has acted in bad faith besides her failure to communicate. *See Alfaro*, 2017 WL 1683185, at *15 (ordering default judgment when the disopedient party violated multiple orders to comply and showed bad faith by saying he was out "for revenge" for "what they did to [him].") (alteration in original).

Because Walmart has been clearly prejudiced by not being able to depose the only known fact witness to McBride's alleged accident, we find that the appropriate remedy should be to preclude any testimony from McBride at trial. *See* Fed. R. Civ. P. 37(b)(2)(A)(ii) ("if a party . . . fails to obey an order to provide or permit discovery . . . [the Court may] prohibit[] the disobedient party . . . from introducing designated matters in evidence."). The Court finds this sanction to be the least restrictive sanction that simultaneously cures Walmart's prejudice and sufficiently deters future violations. *See Carmody v. State Farm Mut. Auto. Ins. Co.*, 2015 WL

8

12851550, at *6 (M.D. Fla. Apr. 1, 2015) (limiting witness testimony as a sanction when the disobedient party violated one order to comply with discovery); *cf. Long v. Celebrity Cruises, Inc.*, 2013 WL 12092088, at *9 (S.D. Fla. July 31, 2013) (precluding a party from testifying at trial about the contents of a video after it lost such video evidence and thus removed any unfair advantage the party gained from losing the video before the other party could view it).

Finally, Walmart should not be entitled to reimbursement of its fees and costs related to scheduling the second deposition. Walmart has not provided any evidence that it properly notified McBride of the deposition scheduled for February 27, 2020 or that it even attempted to contact McBride before scheduling the deposition. Walmart, however, should be entitled to reimbursement of its reasonable costs related to scheduling the deposition on October 16, 2019. *See* Fed. R. Civ. P. 37(b)(2)(C). Walmart attempted to contact McBride multiple times before scheduling the deposition, provided her with proper notice [D.E .42], and McBride never notified Walmart that she could not attend the deposition until she filed a protective order the day of the scheduled deposition. Walmart may move for reimbursement of the exact amount of costs once the case is closed.

### *IV. CONCLUSION*

Based on the foregoing, we **RECOMMEND** that Defendant's motion for sanctions [D.E. 72] should be **GRANTED in part** and **DENIED in part** as to the form of sanctions that are recommended herein.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge.  Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report.   28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Comm'r of Soc. Sec.,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida this 15th day of May, 2020.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge