United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Diane McBride, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 18-25072-Civ-Scola |
| | ) |
| Wal-Mart Stores East, L.P., | ) |
| Defendant. | ) |

## **Order**

This matter came before the Court upon a *sua sponte* examination of the record. On April 27, 2020, the Court ordered the Plaintiff to show cause why the Court should not dismiss the instant action for lack of subject matter jurisdiction. (Order, ECF No. 92.) Specifically, the Court ordered the Plaintiff to cure inadequate allegations of citizenship for diversity purposes with respect to Defendant Wal-Mart Stores East, L.P., including listing the citizenship of each of its partners. (*Id.* at 1.) The Plaintiff filed a response to the show cause order as well as a third amended complaint. (Third Am. Compl., ECF No. 94; Resp., ECF No. 95.) Because the Plaintiff has failed to meet her burden of establishing this Court's diversity jurisdiction, and considering the Plaintiff's pattern of failures to comply with Court orders, this action is **dismissed without prejudice**.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 501 (2006). To that end, a federal court may raise jurisdictional issues on its own initiative at any stage of litigation. *Id.* at 506; *see also Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."). "The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim," and the Court finds that the Plaintiff has failed to meet that burden. *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005).

The second amended complaint, even as supplemented by the third amended complaint and the Plaintiff's response to the order to show cause, fails to adequately allege the citizenship prong of diversity jurisdiction. It alleges that the Plaintiff is a citizen of Florida, whereas Defendant "Walmart Stores East L.P. is a citizen of" Kentucky and Arkansas. (Second Am. Compl., ECF No. 16 at 1.)

However, "[t]o sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Upon observing that the second amended complaint "does not identify any of the partners of the limited partnership, much less list each partner's citizenship," the Court ordered the Plaintiff to show cause why the case should not be dismissed for lack of subject matter jurisdiction. (ECF No. 92 at 1.)

On May 7, 2020, the Plaintiff filed a third amended complaint alleging that the Defendant is 1% owned by WSE Management, LLC, and 99% owned by WSE Investment, LLC. (ECF No. 93 at 1.) The Plaintiff alleged that these two LLC partners "are incorporated under the laws of Delaware and have their principal place of business in Arkansas." (*Id.*) However, those allegations remain deficient because in order to sufficiently allege the citizenship of those two owner-LLCs, "a party must list the citizenships of all the members of the limited liability company." 374 F.3d at 1022. In other words, while the Plaintiff has identified the partners of the Defendant, the Plaintiff has failed to list each partner's citizenship. *See id.*; *see also D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 127 (1st Cir. 2011) (holding that a plaintiff "must not only identify its members and their respective citizenship, but must also trace the citizenship of any member that is an unincorporated association through however many layers of members or partners there may be.").

Also on May 7, 2020, the Plaintiff filed a document titled "Response" to the order to show cause. (ECF No. 95.) That document is silent as to the diversity allegations and instead professes the Plaintiff's seriousness about her claims, which the Court does not doubt. Indeed, although the Plaintiff's third amended complaint was filed without leave and eight months after the deadline to amend the pleadings, the Court – taking into account the Plaintiff's *pro se* status – has decided to construe the third amended complaint as a motion for leave to amend by interlineation. *Tennyson v. ASCAP*, 477 F. App'x 608, 609–10 (11th Cir. 2012) ("We liberally construe *pro se* pleadings and *pro se* briefs.") (citations omitted). Nevertheless, dismissal remains appropriate because, upon notice, the Plaintiff has still failed to "show cause why this matter should not be dismissed for lack of subject matter jurisdiction." (ECF No. 92 at 2; *see also Butler v. Morgan*, 562 F. App'x 832, 834 (11th Cir. 2014) ("A court must dismiss a complaint if it determines that jurisdiction is lacking.") (quoting Fed. R. Civ. P. 12(h)(3)).)

In consideration of Eleventh Circuit precedent as well as the Plaintiff's conduct throughout this case, the Court declines to *sua sponte* grant the Plaintiff an additional opportunity to cure the deficiencies with a fifth complaint. In the Eleventh Circuit, and with respect to *pro se* plaintiffs, "[w]here it appears a more

carefully drafted complaint might state a claim upon which relief can be granted, we have held that a district court should give a plaintiff an opportunity to amend his complaint instead of dismissing." *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled on other grounds by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541 (11th Cir. 2002). As an initial matter, the Court has already considered the third amended complaint, which remained defective even after the Court instructed the Plaintiff with respect to the requirements of diversity allegations. But the Court also takes note of the Plaintiff's various failures to comply with the Court's orders, the Federal Rules of Civil Procedures, and the Local Rules that also warrant dismissal.

Dismissal is also warranted because the Plaintiff has *no witnesses* and *no evidence* to present at the trial scheduled to commence in two weeks. One of the Plaintiff's most egregious violations resulted in her being precluded from testifying at trial. On May 15, 2020, Judge Torres entered a detailed report and recommendation that recommended granting in part the Defendant's motion to sanction the Plaintiff for failing to appear at her own deposition. (R. & R., ECF No. 96.) Of course, the Plaintiff's failure to appear at her own deposition in a personal injury case such as this one is highly prejudicial to the Defendant, and the Court adopted the recommendation – to which no timely objection was filed – that she be precluded from testifying at trial. (Order, ECF No. 97.) The Plaintiff also violated this Court's Scheduling Order when, on June 8, 2020, she failed to meet the deadline to file a joint pretrial stipulation under Local Rule 16.1(e) (entitled "Pretrial Stipulation Must Be Filed") and pretrial disclosures as required by Federal Rule of Civil Procedure 26(a)(3). (Scheduling Order, ECF No. 40.) This strongly supports dismissal. *See* S.D. Fla. L.R. 16.1(l) ("Failure to comply with the requirements of this Local Rule will subject the party or counsel to appropriate penalties, including but not limited to dismissal of the cause, or the striking of defenses and entry of judgment."); Fed. R. Civ. P. 16(f) (providing that a court may dismiss a case "if a party or its attorney . . . fails to obey a . . . pretrial order"); *Tennyson v. ASCAP*, 477 F. App'x 608, 610 (citation omitted) ("[A] *pro se* party must follow the rules of procedure and evidence . . . ."); *see also* Fed. R. Civ. P. 37(b)(2)(A)(v). The Court will not dedicate judicial resources to a case where the Plaintiff cannot testify, did not identify witnesses as she was ordered to, and pointed to no evidence to meet her burden.

While even a diligent *pro se* plaintiff may run into excusable neglect, the Plaintiff in this case has acted with a well-established pattern of willful delay and disregard for the Court's orders. The Plaintiff – either individually or jointly with the Defendant – has been the subject of at least three orders to show cause (ECF Nos. 59, 87, 92) and two well-founded motions for sanctions for failure to comply with pretrial procedures, and she has repeatedly filed untimely responses to

motions as well as the report and recommendation that she be precluded from testifying at trial. The Plaintiff, who failed to schedule mediation by the Court-ordered deadline, also failed to participate in mediation once a mediator was provided and an agreed-upon (albeit belated) date was set for mediation. (Final Mediation Report, ECF No. 90.) The Plaintiff's excuse was that there were "technical difficulties" with her connection to the videoconferencing technology *and* she stated that "my iPhone was taken from me by theft and made it impossible for me to talk on the phone." (ECF No. 93 at 2.) It is not clear to the Court which of these two apparently mutually exclusive issues explains her failure to mediate. This was the fruitless culmination of a months-long process to complete mediation after the Court-ordered deadline to do so. Additionally, on August 5, 2019, the Court *sua sponte* entered a Scheduling Order after both parties failed to file a joint discovery plan and conference report by the deadline set forth in the Court's initial order. (Scheduling Order, ECF No. 40.)

The Court appreciates that dismissal under Rule 16 "is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *Powell v. Siegal*, 447 F. App'x 92, 94 (11th Cir. 2011). Monetary sanctions against the *pro se* Plaintiff who is proceeding *in forma pauperis* would be inappropriate in this case. *LaFavors v. Thayer*, 706 F. App'x 489, 491 (11th Cir. 2017) ("[T]he court must . . . consider the sanctioned party's financial ability in determining whether to impose monetary sanctions."). Apart from the Plaintiff's financial condition, the Court finds that sanctions less drastic than dismissal would not ensure compliance. The record in this case, as synopsized above, readily establishes a willful disregard for the Court's orders and applicable rules. Although any one of these failures, standing alone, might not be sufficient to dismiss the case, the Court is "entitled to consider, however, the long pattern of conduct which amounted to want of prosecution and several failures by plaintiff[] to obey court rules and orders." *Jones v. Graham*, 709 F.2d 1457, 1462 (11th Cir. 1983). These reasons also demonstrate why it would be futile to grant leave to amend with respect to the defective diversity allegations.

Accordingly, this action is **dismissed without prejudice**. The Clerk of Court is directed to **close** this case and any pending motions are **denied** as moot.

**Done and ordered** at Miami, Florida, on June 24, 2020.

_____
Robert N. Scola, Jr.
United States District Judge